BUD WYNN v. THE STATE.

No. 19018. Delivered May 19, 1937.
Rehearing Denied June 16, 1937.

The opinion states the case.

*E. B. Lewis* and *Davis, Avery & Wallace,* all of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

English, the alleged injured party, testified fully to the movements of appellant and his alleged confederate J. D. Smith, on the occasion of said robbery. English testified that after said parties found out that he had some money they got him in a car and started to carry him, as he supposed, to Tenaha,

but when they got to Tenaha they continued right straight on through the town over the remonstrance of English. Shortly after passing through Tenaha appellant, who was driving the car, stopped same, and Smith pushed a pistol against the head of English and told them both to "stick 'em up, both of you." Appellant said to English "Put up your hands; it's a hold-up." Both appellant and English put up their hands. Smith searched witness and got some whisky and some money, and then some cotton tickets. After Smith had robbed witness he struck him several times with the pistol, and told appellant to start the car. Appellant and Smith left the place together. Mr. Byrd testified that on the day of the alleged robbery he saw a car going through Tenaha toward Joaquin, and in a short time he saw witness English coming from Joaquin on foot. He was bloody, and blood was running down his face and over his coat. English told witness what had happened to him. Mr. Calhoun also testified to the same things substantially as did witness Byrd. Deputy sheriff Poplin testified that after the alleged robbery he found appellant and Smith at the home of appellant's father. He arrested both men. They were brothers-in-law. He was present when the automobile was searched and there were found in it four cotton tickets. They were found under the driver's seat. We are of opinion the testimony is sufficient to justify the jury in their conclusion of guilt.

We find in the record three bills of exceptions, each of which appears to have been carefully qualified. The first bill of exceptions complains because the court below sustained the State's objection when the appellant offered in evidence the indictment in the case. In his qualification the learned trial judge states that the first count was the one upon which the prosecution was conducted, and same had been read to the jury, and appellant had entered his plea to same. The second count had not been read to the jury, and appellant had not been required to plead to it; and being of opinion there was no issue in the case, so far as known to him, upon which the indictment would have been material from an evidential standpoint, the court sustained the State's objection. We find nothing wrong with the reasoning of the qualification. Each of the other bills complains of argument of the State's attorney. Each of the bills has been carefully examined, and in the light of the qualification put thereon by the trial court no error has been perceived in either.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for rehearing earnestly contends that we erred in several respects in the disposition we made of this case on original submission. We have again carefully reviewed the record in the light of the motion, but find no reason to change our conclusion as the same is expressed in the original opinion.

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.